IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL L. HUGHES                                                                 PLAINTIFF

VS.                                    CIVIL NO. 04-5099

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                      DEFENDANT

## MEMORANDUM OPINION

Michael Hughes ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on September 25, 2002, alleging an onset date of August 23, 2002, due to Hepatitis B and C and chronic obstructive pulmonary disease ("COPD"). (Tr. 44-46, 57, 79, 140-142). An administrative hearing was held on September 30, 2003. (Tr. 33-43). Plaintiff was present and represented by counsel.

At the time of the administrative hearing on September 30, 2003, plaintiff was fifty-one years old and possessed a high school education. (Tr. 44, 140, 151). The record reflects that he has past relevant work experience as a construction worker and recreational vehicle technician. (Tr. 58, 63, 70-71, 80, 151-153).

On November 25, 2003, the Administrative Law Judge ("ALJ"), issued a written opinion finding that plaintiff had a severe combination of impairments, but these impairment did not meet

or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 14, 16-19). After determining that plaintiff's subjective complaints were not totally credibly, the ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of light work. (Tr. 16, 19). Utilizing the Medical-Vocational Guidelines (the "Grids"), the ALJ concluded that plaintiff was not disabled. (Tr. 17-19).

On March 9, 2004, the Appeals Council declined to review this decision. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir.2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and

2

one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir.2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

3

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to call a vocational expert to testify concerning plaintiff's ability to perform work that exists in significant numbers in the national economy. Instead, he relied on the Grids to determine that plaintiff was not disabled. However, reliance on the grids is "'predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs' and therefore 'may not be fully applicable where the nature of an individual's impairment does not result in such limitations,'" namely, mental impairments and pain. *See Foreman v. Callahan*, 122 F.3d 24, 25 (8th Cir. 1997) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e)). Thus, if a claimant's ability to perform the full range of work in a particular category is limited by a nonexertional impairment, the ALJ cannot rely exclusively on the grids to determine disability, but must consider vocational expert testimony.

In his opinion, the ALJ noted that plaintiff suffered from moderate pain with a moderate loss of concentration that did not prevent him from performing routine, repetitive tasks. This finding is supported by the record, which indicates that plaintiff suffered from nausea, vomiting, and chronic abdominal pain due to chronic Hepatitis B and C. (Tr. 88). However, in spite of this evidence and his own findings, the ALJ did not call an expert to testify concerning plaintiff's ability to work. Therefore, we believe remand is necessary to allow the ALJ to properly develop the record concerning plaintiff's ability to perform work that exists in significant numbers in the national economy.

AO72A
(Rev. 8/82)

Also of significance is the fact that the ALJ failed to consider the fact that plaintiff was prescribed narcotic pain medication. The record contains no discussion of the side effects of these medications. The ALJ was required to consider all the evidence relating to plaintiff's subjective complaints including evidence that related to the dosage, effectiveness, and side effects of his medications. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). Thus, on remand, he is directed to do so.

After reviewing the entire record, it also appears that none of plaintiff's treating physicians completed an RFC assessment concerning plaintiff's ability to perform work-related activities on a sustained basis. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984.) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a full range of light work, relied on an undated RFC assessment completed by a non-examining, medical consultant, indicating that plaintiff's condition was non-severe. (Tr. 135-136). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Further, there are no notes in the record to indicate plaintiff's lifting, carrying, sitting, standing, or walking abilities and/or limitations. Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to

5

complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

The ALJ also failed to discuss plaintiff's indigent status. While it is for the ALJ, in the first instance, to determine a plaintiff's motivation for failing to follow a prescribed course of treatment, or to seek medical attention, such failure may be excused by a claimant's lack of funds. *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984); *Jackson v. Bowen*, 866 F. 2d 274, 275 (8th Cir. 1989). "Although it is permissible in assessing the severity of pain for an ALJ to consider a claimant's medical treatment and medications, the ALJ must consider a claimant's allegation that he has not sought medical treatment or used medications because of a lack of finances." *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986) (citing *Tome*, 724 F.2d at 714). Economic justifications for lack of treatment can be relevant to a disability determination. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992).

In the present case, the record is replete with information concerning plaintiff's financial situation. According to the notes of Dr. Wallace Rolniak, plaintiff's treating physician, plaintiff was referred to him by the St. Mary's Poplar House Indigent Patient Program. (Tr. 137). Additional progress notes reveal that plaintiff was indigent and unable to defray the cost of further testing regarding his Hepatitis B and C. (Tr. 113, 122). He was also receiving samples of Ultram and Ultracet, rather than purchasing these medications at the pharmacy. (Tr. 91, 119). The ALJ,

6

however, does not discuss this in his opinion. As such, we cannot say that the ALJ met his burden of fully developing the record regarding this issue. Accordingly, on remand, the ALJ is directed to gather further information concerning plaintiff's financial situation.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and, therefore, the denial of benefits to the plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this the 24th day of August 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)